## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY S. KING,** | ) | |
| **BOP Prisoner No. 07031-003,** | ) | |
| **Movant,** | ) | |
| | ) | **CIVIL ACTION NO. 1:23-00087-WS-N** |
| **v.** | ) | |
| | ) | **CRIMINAL ACTION NO. 1:13-00272-WS-N** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Anthony S. King, a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated March 6, 2023 (Doc. 47),[1] challenging the judgment entered against him in the above-numbered criminal action, which he timely amended once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) by an "Addendum to Be Added To My Existing 28 USC § 2255 Petition" dated May 1, 2023. (*See* Doc. 48).[2] By motion dated June 5, 2023, King subsequently moved for leave to file amended versions of his § 2255 motion and the addendum (Doc. 49). He has also filed a motion for summary judgment in his favor on all claims, dated September 20, 2023 (Doc. 56);[3] a "Motion

---

[1] All "Doc." citations herein refer to the docket of the above-numbered criminal action. The companion civil action has been opened for administrative and statistical purposes only, and does not contain any filings.

[2] The undersigned is cognizant of the duty to "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

[3] King previously filed a "Summary Judgement Motion" dated August 11, 2023 (Doc. 53), which the assigned District Judge denied (*see* Doc. 54). King then filed a "Motion

to File Default Judgement" dated December 6, 2023 (Doc. 62); and a "Petition for Writ of Mandamus" dated February 19, 2024. The assigned District Judge has referred the aforementioned filings to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (3/14/2023, 5/16/2023, 6/13/2023, 10/3/2023, 12/14/2023, & 3/21/2024 electronic reference notations; Doc. 58, PageID.275). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with 28 U.S.C. § 636(b)(1), and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Upon preliminary review of the § 2255 motion, as amended (Docs. 47, 48), under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned found that it plainly appears from the motion and the record of prior proceedings that King is not entitled to relief because his claims are time-barred under 28 U.S.C. § 2255(f).[4] In accordance with the procedure required by *Paez v. Secretary, Florida*

---

to Reconsider Summary Judgement Motion" (Doc. 56), which the District Judge construed as "a second motion for summary judgment, addressed to his pending motion to vacate." (Doc. 58). The District Judge denied the motion to reconsider as moot, and referred "the embedded motion for summary judgment" to the undersigned. (*See id.*). That construed "second motion for summary judgment" is the motion for summary judgment addressed in this Report and Recommendation.

[4] As part of the preliminary review, the undersigned also considered all motions King had filed prior to issuance of the March 7, 2024 order.

*Department of Corrections*, 947 F.3d 649, 653-55 (11th Cir. 2020) (per curiam),[5] on

March 7, 2024, the undersigned entered an order that explained why King's § 2255

motion was time-barred, granted King until April 26, 2024, "to file any briefing and

supporting materials he deems necessary showing cause why his § 2255 motion

should not be dismissed as time-barred…for the reasons explained" in that order, and

also granted the Government until the same deadline to file any response it "may

wish to make on the issue…" (Doc. 64).

King timely filed a response to the Court's March 7 order (Doc. 66), then later

filed a second "Motion to File Default Judgment," this one dated May 2, 2024 (Doc.

67).[6] The Government did not file any response to the Court's March 7 order, and no

party has moved for additional time to respond. Having considered King's

---

[5] In *Paez*, the Eleventh Circuit held that a court can *sua sponte* dismiss a 28 U.S.C §
2254 habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the
United States District Courts as time-barred, so long as (1) the petitioner is given
"notice of its decision and an opportunity to be heard in opposition[,]" 947 F.3d at 653,
and (2) the respondent is given similar notice and "an opportunity to respond,
including an opportunity to inform the District Court if it intend[s] to waive the
timeliness defense." *Id.* at 655. The "preliminary review" mechanism in Rule 4(b) of
the Rules Governing 2255 Proceedings is substantively identical to that in Rule 4 of
the Rules Governing Section 2254 Cases, which states that a "judge must promptly
examine" a state prisoner's habeas petition brought under 28 U.S.C. § 2254, and
"must dismiss the petition and direct the clerk to notify the petitioner" without
ordering a response from the state "[i]f it plainly appears from the petition and any
attached exhibits that the petitioner is not entitled to relief…" Accordingly, the
undersigned finds no reason to conclude that the reasoning in *Paez* cannot be applied
in § 2255 proceedings. *See Otero-Pomares v. United States*, No. 23-10079, 2024 WL
3103488, at *3 (11th Cir. June 24, 2024) (per curiam) (unpublished) (applying *Paez*
in a § 2255 proceeding).

[6] The assigned District Judge has referred the second default motion to the
undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b);
(5/17/2024 electronic reference notations).

supplemental briefing, the undersigned remains convinced that King's § 2255 motion is due to be **DENIED** and **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings because it is time-barred under § 2255(f). Additionally, certain claims are clearly without merit, as explained herein.

## I.    *Procedural Background*

On December 30, 2013, the grand jury for this judicial district issued a one-count indictment against King, charging him with distribution and possession with intent to distribute approximately 226 grams of a cocaine-containing substance, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On January 22, 2014, King was appointed counsel, arraigned on the indictment, and pleaded not guilty to the charge. (*See* Docs. 9-10; Doc. 11, PageID.22). King filed a motion to suppress evidence and statements on February 7, 2014 (Doc. 15), which the Court denied twenty days later after holding a hearing (*see* Doc. 25). On March 5, 2014, King changed his plea and entered a plea of guilty to the sole count in the indictment, pursuant to a written plea agreement with the Government. (*See* Docs. 26, 27).

On October 3, 2014, the Court sentenced King to a term of 130 months imprisonment followed by 3 years of supervised release. (*See* Doc. 39). Written judgment was entered on October 6, 2014. (*See id.*). No party directly appealed the judgment, and because the Government did not appeal, the time for King to do so expired after Monday, October 20, 2014, 14 days after entry of the written judgment. *See* Fed. R. App. P. 4(b)(1)(A). King is deemed to have filed the present § 2255 motion on March 6, 2023, the date he represents that he delivered the motion to prison

officials for mailing to the Court. *See* (Doc. 47, PageID.177); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing").

## II.    *Analysis*

### a.    **Amendments**

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading once as a matter of course no later than[,] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).[7] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

---

[7] *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

King's "Addendum to Be Added To My Existing 28 USC § 2255 Petition" dated May 1, 2023 (Doc. 48), filed before any response directed at his initial § 2255 motion, served to amend and supplement his § 2255 motion "once as a matter of course" under Rule 15(a)(1)(B). However, King requires either "the opposing party's written consent or the court's leave" to further amend his § 2255 motion. Having considered King's proposed amended § 2255 motion and addendum (Doc. 49-1) attached to his June 5, 2023 motion for leave to amend (Doc. 49), the undersigned finds, and will recommend, that the motion be denied as futile. The proposed amended § 2255 motion merely corrects and adds details and argument in support of the claims raised in his initial § 2255 motion and addendum, and the amended § 2255 motion would still be subject to dismissal as time-barred for the same reasons the initial § 2255 motion is, as will be explained. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (quotation omitted)).

### b. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion." *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (per curiam).

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (quotation omitted).

King's initial § 2255 motion (Doc. 47) raised a single claim for relief: that his sentence must be vacated because one of his predicate offenses, a 2004 drug conspiracy conviction,[8] no longer qualifies as a "controlled substance offense" for purposes of sentencing him as a "career offender" under the United States Sentencing Guidelines, based on last year's *en banc* decision *United States v. Dupree*, 57 F.4th 1269 (11th Cir. Jan. 18, 2023). Overruling prior Eleventh Circuit precedent from 1995,[9] the *Dupree* majority held "that the definition of 'controlled substance offense' in [United States Sentencing Guidelines Manual] § 4B1.2(b) does not include inchoate offenses." 57 F.4th at 1271. In his addendum supplementing his initial § 2255 motion (Doc. 48), King also claims that his trial counsel rendered ineffective assistance (1) for relying on then-existing precedent in advising him that he qualified as "career

---

[8] As King's response points out, the Court's March 7 order mistakenly stated that the challenged drug conspiracy conviction was from 1998. That error, however, has no substantive effect on the ultimate determination that King's § 2255 motion is time-barred.

[9] Specifically, *United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995), and *United States v. Smith*, 54 F.3d 690 (11th Cir. 1995).

offender," and (2) for failing to follow King's request at the suppression hearing to "push the issue about the [arresting] officer not being willing to give up" evidence regarding the officer's use of his cell phone to track King's tapped phone. He further claims that his equal protection rights under the Fourteenth Amendment are being violated by his continued incarceration after *Dupree*.[10]

King's motion is plainly untimely under § 2255(f)(1). His judgment of conviction became final on Tuesday, October 21, 2014, the day after the time for King to directly appeal it expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Thus, King had until Wednesday, October 21, 2015,[11] to file a § 2255 motion collaterally attacking his judgment of conviction. However, King did not file the present § 2255 motion until March 6, 2023, over 7 years later.

---

[10] King also conclusorily claims in his addendum that his trial counsel "never explained to [him] the waiver of 2255" in his plea agreement. (*See* Doc. 48, PageID.189; Doc. 49-1, PageID.204-205). This claim is dubious, as the written plea agreement, signed and agreed to by King, plainly advised that he was waiving "the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255[,]" subject to certain exceptions and without waiving "the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion." (Doc. 27, PageID.87). Nevertheless, the Court need not address that waiver provision in order to dismiss King's § 2255 motion for the reasons stated herein.

[11] *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").

King makes no effort to argue why the statute of limitations for his claim of ineffective assistance at the suppression hearing should run from any of the other triggering dates in § 2255(f), nor is there any basis in the record for finding as such. With regard to his claims concerning his "career offender" status, King argues that the issuance of *Dupree* entitles him to rely on § 2255(f)(4)'s trigger date, but that assertion is meritless. "Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (per curiam) (unpublished) (holding that "[t]here is no merit in [§ 2255 movant]'s argument that his double jeopardy claim was timely under § 2255(f)(4) on the basis that the limitations period commenced when he discovered the Ninth Circuit's *Davenport* case").[12] King has not alleged the discovery of any new "facts

---

[12] *See also Ingram v. United States*, 932 F.3d 1084, 1089 (8th Cir. 2019) ("a judicial decision interpreting the law does not constitute a 'new fact' for purposes of § 2255(f)(4)"); *United States v. Tyree*, 757 F. App'x 704, 706 (10th Cir. 2018) (unpublished) ("a change or clarification of controlling law in a judicial decision is not a 'fact' that begins a new one-year statute of limitations under § 2254(f)(4)"); *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021) ("McCloud argues that our decision in *Townsend* created a newly discovered fact, starting a new one-year limitations period under § 2255(f)(4). We reject this argument and hold that a development in case law, which is what *Townsend* represents, does not give rise to a 'fact[ ] supporting the claim' brought by a petitioner within the meaning of § 2255(f)(4). McCloud's argument elides a critical distinction between facts and law: A fact is an actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation. Here, *Townsend* left unaltered the fact of McCloud's 2000 New York Drug Conviction. Our decision in *Townsend* could have implications only for the legal effect of that fact—that is, whether the conviction supported application of the career offender Guideline." (footnote and some quotation marks omitted)); *Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (en banc) ("Petitioner contends

that his claim falls under § 2255(f)(4), and that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), qualified as a new 'fact' for purposes of that provision... *Simmons* represented a change of law, not fact. The circuits to have considered this type of issue have uniformly reached the same conclusion. *See, e.g., Phillips v. United States*, 734 F.3d 573, 580–83 (6th Cir. 2013) (finding the petition untimely where an intervening change in the law was insufficient to render the petitioner actually innocent); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (finding that an intervening change in law was not a new factual predicate sufficient to reset the statute of limitations period under AEDPA); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (rejecting an intervening change in law as insufficient to reset the statute of limitations period under AEDPA and declining to equitably toll the statute of limitations); *Shannon v. Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005) (same); *see also Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (rejecting, in a similar context, defendant's attempt to invoke a change in law as an impediment to filing a habeas petition sufficient to toll AEDPA's statute of limitations)...If changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4). *See Lo*, 506 F.3d at 575. 'To suggest, as [the petitioner] does, that any decision by any court on any issue could constitute a "factual predicate" would swallow up the specifically delineated limitations in" (f)(3). *Id.* at 576. These considerations indicate that 'subsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)'—not (f)(4). *Sun Bear v. United States*, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (internal quotation marks omitted)."); *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) (" '[I]t should go without saying that a factual predicate must consist of facts. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim.' *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). The 'factual predicate' also has been referenced as the underlying 'vital facts' of a petitioner's claim. *See, e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ('The "due diligence" clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.')..." (discussing version of § 2255(f)(4) applicable to state prisoners)); *Young v. United States*, No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) (unpublished) (single-judge order denying certificate of appealability) ("Mr. Young's motion also was untimely under § 2255(f)(4) because the discovery of a new legal theory does not constitute a discoverable 'fact.' " (citing *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("To the extent the petitioners attempt to argue that § 2255(f)(4) applies, their argument is unavailing because the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4).")))}.

supporting" his "career offender" claims, only a change in the governing case law regarding what qualifies as a predicate offense.

*Dupree* also does not trigger the application of § 2255(f)(3), as that subsection only authorizes its alternative run date when the claim is based on a "right [that] has been newly recognized by the Supreme Court…" *Dupree*, obviously, is not a decision of the Supreme Court. While *Dupree*'s reasoning relied in part on the Supreme Court's 2019 decision in *Kisor v. Wilkie*, 588 U.S. 558, 139 S. Ct. 2400, 204 L. Ed. 2d 841,[13] *Kiser* did not "newly recognize" any right to exclude inchoate offenses from the definition of "controlled substance offense" in § 4B1.2(b). As *Dupree* observed, "[t]he Supreme Court did not overrule [its past precedent] in *Kisor*, and *Kisor* did not [even] concern the Sentencing Guidelines." 57 F.4th at 1275. Rather, in *Kisor* "the Supreme Court revisited *Auer*[14] deference and clarified the proper application of the doctrine…in the context of an administrative agency's (the Department of Veterans Affairs[]) interpretation of one of its regulations." *Id.* at 1274 (citing *Kisor*, 139 S. Ct. at 2408-09). And as the Eleventh Circuit has "explained, '[i]f the decision merely clarifies an old rule, …. the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court.' " *Beeman*, 871 at 1220 (quoting *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 n.4 (11th Cir. 2012)).

---

[13] Specifically, *Dupree* examined how *Kisor* harmonized with past Supreme Court precedent to determine what level of deference should be given to U.S. Sentencing Guidelines commentary. *See* 57 F.4th at 1273-77.

[14] *Auer v. Robbins*, 519 U.S. 452, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997).

Even if *Kisor* did set out a newly recognized right, King's present § 2255 motion would still be untimely under § 2255(f)(3), as he would have had until Friday, June 26, 2020—one year after *Kisor* was issued—to file a § 2255 motion raising a *Kisor* claim. *Cf. Beeman*, 871 F.3d at 1219 ("Because the Supreme Court issued *Johnson* on June 26, 2015, *Johnson*[ *v. United States*], [576] U.S. [591], 135 S. Ct. 2551, 192 L. Ed. 2d 569, a § 2255 movant wishing to raise a Johnson claim had until June 26, 2016, to file a motion obtaining that claim. *See* 28 U.S.C. § 2255(f)(3)."). Finally, the undersigned discerns no argument advanced by King claiming entitlement to § 2255(f)(2)'s trigger date for his "career offender" claims, nor is there any basis apparent in the record for applying it to those claims.[15]

In sum, all of King's claims brought under his present § 2255 motion are untimely under § 2255(f).[16]

---

[15] In his addendum, King also argues, without elaboration, "that Mathis v. United States, 13 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), and Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013), retroactively establish that under the categorical approach of Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the defendant's 'conspiracy' charge…is not a 'controlled substance offense' as defined in U.S.S.G. § 4B1.2…" (Doc. 48, PageID.191; Doc. 49-1, PageID.207). It is true that courts generally "apply *Taylor*'s categorical approach in determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes." *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). However, because both *Descamps* and *Mathis* merely clarified the "old rule" of *Taylor*'s modified categorical approach, neither entitles King to proceed under § 2255(f)(3). *See Beeman*, 871 F.3d at 1220 (explaining that *Descamps* "did not announce a new rule" but "merely clarified existing precedent," and "[a]s a result, a § 2255 movant wishing to raise a *Descamps* claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period"). And even if they did, King filed his § 2255 motion well over a year after both decisions were issued.

[16] The undersigned set out the foregoing reasoning regarding the timeliness of King's § 2255 motion, in nearly identical terms, in the March 7 show-cause order. In his

### c. "Actual Innocence" Gateway

The Court may still review King's untimely § 2255 motion if he can show "actual innocence" under the standard announced in *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), which can overcome AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). However, "the *Schlup* standard is demanding[,]" and "tenable actual-innocence gateway pleas are rare…" *Id.* at 386, 401. *See also McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) ("[A]s it has been repeatedly emphasized, the actual innocence exception is a *narrow* exception…Indeed, the very reason the miscarriage of justice exception was linked to a movant's actual innocence was to ensure that this exception 'would remain "*rare*" and would only be applied in the "*extraordinary case*." ' *Schlup*, 513 U.S. at 321, 115 S. Ct. 851 (emphases added)."). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316). " '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in

---

response to that order (Doc. 66), King maintains that he is entitled to have his 1-year limitations period run under § 2255(f)(4) from the date *Dupree* was issued, but he fails to substantively address any of the undersigned's reasons for finding he is not. Rather, the bulk of King's substantive argument in his show-cause response is dedicated to arguing that he is entitled to the "actual innocence" gateway for excusing untimeliness, which the undersigned addresses later in this recommendation.

light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[17]

King does not even claim, much less point to new evidence showing, that he is "actually innocent" of the crime to which he pleaded guilty in this case. Instead, King argues that he is "actually innocent" of being a "career offender" because after *Dupree* he no longer has enough qualifying predicate offenses. However, the Eleventh Circuit has emphasized that "for purposes of the actual innocence exception, ' "actual innocence" means *factual* innocence, not mere legal insufficiency.' " *McKay*, 657 F.3d at 1197 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (emphasis added)). "This is true whether the allegation of actual innocence is of the crime or of the sentence." *Id.* at 1198. Applying these principles, the Eleventh Circuit has "decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence[,]" holding that whether a prior conviction qualifies as a predicate crime for purposes of applying the "career offender" Guidelines enhancement is a "purely *legal* argument…" *Id.* at 1199.[18] And King has not claimed that he is "actually innocent" of

---

[17] *Schlup* announced its "actual innocence" standard as a gateway for excusing procedural default of claims on collateral review; *McKay* also applied the *Schlup* standard in the context of a procedural default. However, because *McQuiggin* made clear that *Schlup*'s "actual innocence" gateway also applies to excuse time-barred claims, cases interpreting the *Schlup* standard in the context of excusing procedural default are equally applicable to cases such as this one concerning AEDPA's statute of limitations.

[18] *Accord, e.g.*, *Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("Spencer's prior conviction has not been *vacated*, and that distinction matters. When a conviction is vacated, that vacatur constitutes a new 'fact' with which the

petitioner can challenge his sentence. But here, Spencer argues no new factual basis for reversing his sentence. He presents instead an argument of legal innocence. Even if we were to agree with Spencer that he is 'innocent' as a career offender, that *legal* innocence falls far short of *factual* innocence…" (citation and some quotation marks omitted) (citing *McKay*, 657 F.3d at 1199)); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1346 (11th Cir. 2013) ("But Williams is not asserting that he is 'actually innocent' of either his possession of a firearm offense or his underlying burglary offenses, nor could he. Rather, he is asserting only legal innocence: that his burglary convictions should not have been considered violent felonies under the ACCA." (citing *McKay*, 657 F.3d at 1197-1200)); *Rosello v. United States*, No. 21-14440, 2022 WL 12144331, at *3 (11th Cir. Oct. 21, 2022) (per curiam) (unpublished), *cert. denied*, 143 S. Ct. 1045 (2023) ("To 'keep the actual innocence exception narrow, and ensure that this exception remains "rare" and is only applied in the "extraordinary case" ' as the Supreme Court has instructed, a movant must establish that he is factually innocent of the crime that serves as the predicate offense for a sentence enhancement. *McKay*, 657 F.3d at 1199…Rosello argues that he is innocent of the firearm offenses due to the invalidity of his predicate offense. But we do not 'extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.' *McKay*, 657 F.3d at 1199. As Rosello concedes, our precedents foreclose his claim of actual innocence."); *Berry v. United States*, 468 F. App'x 924, 925–26 (11th Cir. 2012) (per curiam) (unpublished) ("*McKay v. United States,* 657 F.3d 1190 (11th Cir. 2011) rejected the argument that an actual-innocence-of-sentence exception applies to an initial section 2255 claim that the petitioner was wrongly sentenced as a career offender where one of his predicate convictions—carrying a concealed weapon—did not qualify as a 'crime of violence.' Because the actual innocence exception is focused on actual (not legal) innocence, we concluded that petitioner *McKay*—who, like Berry, made no claim to being factually innocent of the crime of carrying a concealed weapon—cannot qualify for the actual innocence exception. *Id*. at 1199. The actual innocence exception has no application to Berry's sentencing claim that he was wrongly sentenced as a career offender. *See id*. at 1200."); *Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (per curiam) (unpublished) ("[W]e wrote [in *McKay*] that we refused 'to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.' [657 F.3d] at 1198–99. *McKay* persuades us. Here, the district court did not err by denying Hill's § 2255 motion as procedurally defaulted. Hill cannot satisfy the actual-innocence exception to the procedural bar because he argued only that he was legally innocent of a violent felony (battery on a law enforcement officer is not a violent felony under the ACCA), not that he was factually innocent of the crime of battery on a law enforcement officer."); *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1289 (11th Cir. 2014) (William Pryor, J., concurring) ("Nor is a prisoner actually innocent of his 'offense' if all he can establish is legal innocence of his sentence." (citing *Williams*, 713 F.3d at 1346, and *McKay*, 657 F.3d at 1199)).

the 2004 drug conspiracy conviction that he argues is no longer a valid predicate under *Dupree*. *See McKay*, 657 F.3d at 1199 ("McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense.").

The undersigned set out the foregoing reasoning regarding the "actual innocence" gateway, in largely identical terms, in the March 7 show-cause order. In his response to that order, King argues he is entitled to the "actual innocence" gateway for his "career offender" claims under the reasoning of *Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012). *Wooten* held, in relevant part:

> The Sixth Circuit has derived its understanding of the definition of "actual innocence" from *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)...*Bousley* held that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him ... [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623–24, 118 S. Ct. 1604 (internal quotation marks and citations omitted). One way to establish factual innocence is to show an "intervening change in the law that establishes [the petitioner's] actual innocence." [*United States v.*] *Peterman*, 249 F.3d [458,] 462[ (6th Cir. 2001)]. This may be achieved by demonstrating (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

677 F.3d at 307–08.

*Wooten*, however, concerned whether an intervening change in the law established the § 2255 movant's "actual innocence" of the crime of conviction, not of

his sentence for that conviction. *See id.* at 308 ("In this case, it is clear that [*United States v. Santos*, 553 U.S. 507, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008),] issued a new interpretation of the term 'proceeds' as 'profits' in 18 U.S.C. § 1956 and overruled Sixth Circuit precedent defining 'proceeds' as 'gross receipts.' *See United States v. Kratt*, 579 F.3d 558, 560 (6th Cir. 2009). It is also clear that Petitioner could not have raised *Santos* in his prior proceedings, which were complete in January 2008, because the *Santos* decision was not filed until June 2, 2008."). Thus, *Wooten* does not conflict with the Eleventh Circuit's decision in *McKay* declining to apply the "actual innocence" exception to "to claims of legal innocence of a predicate offense justifying an enhanced sentence."[19] And even if *Wooten* does conflict with *McKay*, this Court, whose appeals are heard by the Eleventh Circuit, *see* 28 U.S.C. §§ 41, 43(a), is bound to follow the precedential decisions of the Eleventh Circuit, such as *McKay*, over those of the Sixth. *See Jones v. United States* ("*Jones I*"), 224 F.3d 1251, 1257 (11th Cir. 2000) ("the district court would be required to follow the law of this circuit until it

---

[19] *Wooten*'s holding that the intervening change in controlling law must "make it more likely than not that no reasonable juror would have convicted" made clear that the court was referring to "actual innocence" of the crime of conviction, since juries do not impose sentences. Moreover, the *Peterman* case cited in *Wooten* recognized the distinction between showing "actual innocence" of the crime of conviction and "actual innocence" of the sentence for that crime, stating that the latter was generally not grounds for relief so long as the sentence did not exceed the statutory maximum. *See Peterman*, 249 F.3d at 462 ("Without determining the exact scope of [§ 2255's] savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence. Under [circuit precedent], if petitioners do not make a claim for actual innocence, they are not entitled to relief through § 2255's savings clause; Bell, Peterman, and Forest do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum.").

was overruled by the Supreme Court or an *en banc* panel of this court"). Accordingly, King cannot rely on the "actual innocence" gateway to excuse the untimeliness of his § 2255 motion. [20]

———————————————

[20]    In addition to the "actual innocence" gateway, equitable tolling also permits a court to review the merits of an untimely § 2255 motion.

> In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time.

*Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (citations and quotations omitted). However, much like "actual innocence," because it is "an extraordinary remedy, equitable tolling has been permitted by federal courts only sparingly…" *Id.* at 1038-39 (citation and quotations omitted). A defendant's "*pro se* status does not entitle him to equitable tolling, as *pro se* litigants are responsible for knowing and complying with the statute of limitations." *Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) (per curiam) (unpublished) (citing *Outler*, 485 F.3d at 1282 n.4 ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations. Indeed, any such requirement of actual notice would virtually eviscerate the statute of limitations. Thus, the law does not require a court, *sua sponte*, to remind a *pro se* litigant that he has only one year to file his claim.").

The foregoing was explained to King in the March 7 show-cause order, and he has not argued for application of equitable tolling in his response to that order, or in any other filing preceding it. Even if King had argued that the issuance of *Dupree* entitled him to equitable tolling on his "career offender" claims, those arguments would have been meritless. As explained previously, King has not shown entitlement to have his 1-year statute of limitations run from any of the § 2255(f) triggering dates other than "the date on which the judgment of conviction becomes final[,]" 28 U.S.C. § 2255(f)(1), and that limitations period expired long before *Dupree* issued. Equitable tolling cannot serve to revive a limitations period that has already expired. *See Downs*, 520 F.3d at 1325 ("We note generally that equitable tolling would not be

### d. Plainly Meritless Claims

In addition to being untimely, King's claims that his trial counsel rendered ineffective assistance by relying on then-existing circuit precedent in advising him that he qualified as "career offender," and that he was erroneously sentences a "career offender," are plainly meritless. As for the ineffective assistance claim, counsel "is not ineffective for failing to raise claims reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted). *See also Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (per curiam) ("Failing to make a meritless objection does not constitute deficient performance."). At the time King was sentenced in 2014, the pair of 1995 Eleventh Circuit decisions abrogated by *Dupree* in 2023 foreclosed the argument that a conspiracy conviction could not serve as a "career offender" predicate. "Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an *en banc* panel of this court, it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law." *Jones I*, 224 F.3d at 1257-58. Moreover, the Supreme Court's *Kisor* decision, on which *Dupree* primarily relied in abrogating that past precedent, was not issued until 2019, well after King was sentenced. The Eleventh Circuit has "held

---

available for any period of time following December 4, 2001, when Downs' federal limitations period expired."). *Cf. Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling does not operate to revive an expired limitations period); *McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001) ("[P]erceived futility [of a claim] does not constitute cause to excuse a procedural default" for failure to raise a claim on direct appeal.").

many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (quotation omitted). *Accord, e.g.*, *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) (unpublished) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel… The rule applies even if the claim, based upon anticipated changes in the law, was reasonably available at the time counsel failed to raise it." (citing cases)).

As for the "career offender" claim,

[s]ection 2255 does not provide a remedy for every alleged error in conviction and sentencing. When a prisoner…alleges that his "sentence was imposed in violation of the … laws of the United States … or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice,' " *United States v. Addonizio,* 442 U.S. 178, 185, 99 S. Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (quoting *Hill*[ *v. United States*]*,* 368 U.S. [424,] 428, 82 S. Ct. [468,] 471[, 7 L. Ed 2d 417 (1962)]).

*Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

The *en banc* Eleventh Circuit has held that a "prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime [under the *Schlup* standard] or that a prior conviction used to enhance his sentence has been vacated… When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior

conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.* at 1139. *See also id.* at 1140 ("We lack the authority to provide Spencer relief [under § 2255]. Even if he is not a career offender, his sentence is lawful. Spencer does not allege that he is actually innocent of the crime for which he was indicted, nor that any of his prior convictions have been vacated. Instead, he contends only that the district court erroneously classified him as a career offender under the advisory guidelines. But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again." (citation omitted)). Here, King pleaded guilty to a violation of 21 U.S.C. § 841(a)(1) involving 226 grams of a cocaine-containing substance, meaning he was subject "to a term of imprisonment of not more than 20 years…, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual…, or both[,]" and "a term of supervised release of at least 3 years in addition to such term of imprisonment…" 21 U.S.C. § 841(b)(1)(C), (Doc. 34 ¶¶ 85, 88, 92, PageID.129), and "not more than three years" of supervised release. 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). King was sentenced to 130 months' imprisonment, 3 years of supervised release, and no fine, all below the statutory maximums. Thus, he is only entitled to § 2255 relief from his sentence if he can show "actual innocence of his crime or the vacatur of a prior conviction." King does not claim that any of his predicate crimes have been vacated, and he has failed to show "actual innocence of his crime"

for the reasons already explained. Thus, King has also failed show a "complete miscarriage of justice" entitling him to § 2255 relief from being sentenced as a "career offender."[21]

### e.    Other Motions

King's second motion for summary judgment (Doc. 56) requests judgment in his favor on his "career offender" claims.[22] For the reasons explained above, King is due no relief on those claims, so the motion for summary judgment is due to be denied.

---

[21]    King mentions in passing his sentence on revocation of supervised release imposed in S.D. Ala. Case No. 1:04-cr-00175-CG-D-1, in which the Court sentenced King to 48 months imprisonment on March 1, 2012. First, King appears to no longer be "in custody" under that judgment for purposes of § 2255 relief, as the sentence of imprisonment would have expired in 2016, and the Court imposed no other conditions as part of the revocation sentence in that case. *See* 28 U.S.C. § 2255(a) (stating that a "prisoner in custody under sentence of a [federal] court" may file a § 2255 motion); *Williams v. United States*, 785 F. App'x 710, 712-13 (11th Cir. 2019) (per curiam) (unpublished) (explaining that "a movant is not in custody if he has completed his sentence"). Second, the written judgment in that case was entered on March 6, 2012, and no party directly appealed it; therefore, King's present § 2255 motion would be untimely as a challenge to that judgment for the same reasons it is untimely to challenge the 2014 judgment in the above-styled criminal case.

King has also argued that a change to his "career offender" status would mean his 2020 sentence for escape imposed by the U.S. District Court for the Eastern District of Texas would also have to be vacated. Leaving aside the fact that King's "career offender" claims challenging the sentence in the present case are untimely and meritless, this Court has no authority to vacate a sentence imposed by another court under § 2255. *See* 28 U.S.C. § 2255(a) (prisoner seeking § 2255 must "move *the court which imposed the sentence* to vacate, set aside or correct the sentence" (emphasis added)).

[22]    "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

King's "Motion to File Default Judgement" dated December 6, 2023 (Doc. 62), argues that the aforementioned motion for summary judgment is due to be granted by default because the Government never filed a response. However, it is well established that a "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Even if that were not the case, Rule 12 of the Rules Governing Section 2255 Proceedings allows for the application the Federal Rules of Civil Procedure in § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or these rules…" Rules 4 and 5(a) of the Rules Governing Section 2255 Proceedings make clear that the Government is not required to "file an answer, motion, or other response" to a § 2255 motion, or "to take other action[,]" until a judge so orders. The Court had not ordered the Government to respond or take any other action on King's § 2255 motion at the time he filed his second motion for summary judgment, nor has the Court ever ordered the Government to respond to the second motion for summary judgment. A blanket rule requiring the Government to always respond to a § 2255 movant's motion for summary judgment even if not expressly ordered by a judge would be inconsistent with Rules 4 and 5(a) of the Rules Governing Section 2255 Proceedings, as it would effectively allow § 2255 movants to bypass the safeguards those rules provide by forcing the Government to respond to their § 2255 claims even when a judge has not

ordered the Government to take action on the § 2255 motion. Accordingly, the "Motion to File Default Judgement" dated December 6, 2023 (Doc. 62), is due to be denied.

King's "Petition for Writ of Mandamus" date February 19, 2024 (Doc. 63), requests that the Court "either compel the prosecutor to make a response or to see that the Plaintiff is right and grant him his Summary Judgment and Default Judgement motions." (*Id.*, PageID.294). "Mandamus relief is only appropriate when[, among other things,] the plaintiff has a clear right to the relief requested…" *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam). Rule 4 of the Rules Governing Section 2255 Proceedings clearly allows a district court to dismiss a § 2255 motion without a response from the Government "if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief…" For the reasons explained previously, King is "plainly…not entitled to relief" under § 2255 based on the current record, so a response from the Government is not necessary; he also has far from "a clear right to the relief requested" in either his second motion for summary judgment or his first "Motion to File Default Judgement." Accordingly, the "Petition for Writ of Mandamus" is due to be denied.

Finally, King's "Motion to File Default Judgement" dated May 2, 2024 (Doc. 67), argues that he is due a default judgment because the Government did not file any response to the Court's March 7 show-cause order. However, as explained above, the Government is only required to respond to a § 2255 motion when ordered by a judge. The March 7 show-cause order did not <u>require</u> any response from the Government; rather, it only provided that "[a]ny response the Government *may wish*

to make on the issue must also be filed and served by the same deadline" King's response was due. (Doc. 64, PageID.310 (emphasis added)). The undersigned's discussion of the *Paez* procedure immediately preceding that statement further makes clear that the Court was only giving the Government "an opportunity to respond," rather than issuing a command that it respond. (*See id.*, PageID.309). Accordingly, the "Motion to File Default Judgement" dated December 6, 2023 (Doc. 62), is also due to be denied.

### f.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that King should be **DENIED** a certificate of appealability in conjunction with the dismissal of the present habeas action because he has failed to make a substantial showing of the denial of a constitutional right, and because jurists of reason would not find it debatable whether the Court was correct in dismissing his § 2255 motion as time-barred.[23]

---

[23]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court ultimately deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under

### g.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).[24]

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned will recommend the Court certify that any appeal by King of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus

---

Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[24] A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

denying him entitlement to appeal *in forma pauperis*.[25]

### III.    *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that King's motion for leave to amend (Doc. 49), second motion for summary judgment (Doc. 56), petition for writ of mandamus (Doc. 63), and two motions "to file default judgment" (Docs. 62, 67) all be **DENIED**; that his § 2255 motion dated March 6, 2023 (Doc. 47), as amended (Doc. 48), be **DENIED** and **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts;[26] that King be **DENIED** a Certificate of Appealability in relation to the dismissal of the subject § 2255 motion; and that said judgment be set out by separate document under Federal Rule of Civil Procedure 58.[27] The undersigned further **RECOMMENDS** that the Court certify that any appeal by King of the denial of the present § 2255 motion would be without merit and therefore not

---

[25] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

[26] However, to the extent the § 2255 motion purports to challenge King's 2020 sentence for escape imposed by the U.S. District Court for the Eastern District of Texas, that challenge should be **DISMISSED without prejudice** for lack of jurisdiction.

[27] *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure…, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."); *Sassoon v. United States*, 549 F.2d 983 (5th Cir. 1977) (applying Rule 58's separate-document requirement in a § 2255 proceeding); *United States v. Hassebrock*, 21 F.4th 494, 497 (7th Cir. 2021) (in holding that Rule 58 applied to *coram nobis* proceedings, noting that "[m]any [other] circuits have applied Rule 58 to § 2255 motions").

taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **12th** day of **July 2024**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**